IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BG III, **a minor,** by and
through his next friend and special guardian,
Marion E. Grantham, Jr.                                            **PLAINTIFF**

V.                                      **CAUSE NO. 4:16-CV-064-DMB-JMV**

**ROB BANKS, BRAD CARVER, JERRY CARVER,
LEE TAYLOR and CARROLL COUNTY**                       **DEFENDANTS**

## ANSWER

**COME NOW DEFENDANTS,** by counsel, and respectfully submit their answer and affirmative defenses to the Plaintiff's Complaint, to wit:

### I. AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action as to these Defendants for which relief may be granted, including, but not limited to, the defense of qualified immunity as to the individual Defendants herein, named or unnamed. Further, the Complaint fails to state a claim against these Defendants upon which relief may be granted under <u>Monell v. Dept. of Social Services</u>, 436 U.S. 653 (1977). Plaintiff's Complaint should accordingly be dismissed. Defendants pray for an early determination of this issue in the interest of judicial economy.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint and all claims under state law asserted therein are barred under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-1 (Supp. 1997), *et seq*. Specifically, Plaintiff's Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-9(1)(a),(b),(c),(d),(e),(f),(h),(m) (Supp. 1997). In addition, *Miss. Code Ann.* §§11-46-5 and §11-46-7 afford complete immunity to the individual Defendants. Wherefore, all Defendants move for dismissal of Plaintiff's state law claims pursuant to Fed. R. Civ. Proc. Rule 12 (b) (6) and/or

Rule 12 (c) in the alternative. Defendants pray for an early determination of this issue in the interest of judicial economy.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted against any Defendant.

### FOURTH AFFIRMATIVE DEFENSE

For the purpose of insuring the privacy interest of a minor pursuant to F.R.C.P. 5.2, Defendants omit all but the initials of the minor Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

The individual Defendants (named and un-named) in this case are entitled to qualified immunity from Plaintiff's claims. Each officer is entitled to a separate analysis and legal determination of qualified immunity in this lawsuit. Each officer is a certified law enforcement officer who was acting in the course and scope of his duties during the incident forming the basis of this lawsuit. Neither of these officers engaged in any conduct which deprived Plaintiff of any right, privilege or immunity protected by the Constitution or Laws of the United States. The conduct of each officer at issue was objectively reasonable in light of clearly established law in effect at the time of their actions in this matter. The actions of each officer were justified and arguably justifiable in light of the information each possessed and clearly established law. As such, a reasonable officer could have believed the individual actions of each officer were lawful during the incident forming the basis of this lawsuit.

### SIXTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's state law claims, these Defendants claim the protection of the statutory exemptions from liability found in *Miss. Code Ann.* §11-46-9 (1999). Alternatively, these Defendants claim the protection of governmental immunity and/or sovereign immunity.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's official capacity federal constitutional claims are necessarily predicated on the

doctrine of respondeat superior and are thus barred as a matter of law by reason of the absence of any proof or allegation of any official policy, custom or practice of the Carroll County, Mississippi, that was the moving force behind the alleged injuries of Plaintiff's Decedent.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's failure to allege violation of any legal duty by any Defendant bars this cause of action.

### NINTH AFFIRMATIVE DEFENSE

To the extent that any personnel acting within the course and scope of their employment with the Carroll County, Mississippi are alleged to be involved in or responsible for the custody, safety, protection, supervision or care of Plaintiff's Decedent at any time, such conduct was at all times objectively reasonable and consistent with clearly established law, and for that reason, Plaintiff's claims are barred.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Defendants by reason of the fact that any duty on the part of Defendant's officers and agents involved the use of discretion, and at no time did any governmental actor acting on behalf of these Defendants substantially exceed his authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of authority and discretion, and Plaintiff's claims are accordingly barred under the doctrine of public official immunity.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

### TWELFTH AFFIRMATIVE DEFENSE

At no time did any governmental actor acting on behalf of these Defendants breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff, and for that reason,

Plaintiff's claims are barred.

### THIRTEENTH AFFIRMATIVE DEFENSE

A law enforcement officer has authority to arrest a suspect with or without a warrant if probable cause exists to believe the suspect has committed, or is committing a crime. Plaintiff has admitted probable cause. Defendants invoke judicial estoppel as to all claims herein.

### FOURTEENTH AFFIRMATIVE DEFENSE

The delinquent and/or criminal conduct of the minor Plaintiff and/or criminal acts of third parties acting in concert with Plaintiff constitute the sole proximate cause of any injuries he allegedly sustained, and of any damages allegedly resulting therefrom. Moreover, the injuries/damages, if any, of Plaintiff was not foreseeable to these Defendants, and therefore, Plaintiff's claim as to these Defendants should be dismissed.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk and the doctrine of unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not cognizable against the Defendants in their official capacity under §1983 or state law. These Defendants further invoke the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions of *Miss. Code Ann*. §§11-1-65 and 11-46-15 (2) (1993).

### SEVENTEENTH AFFIRMATIVE DEFENSE

The instant claim fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiff which was caused by these Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

A governmental entity is only liable under §1983 for injuries caused by its policy or custom. Here, there is no identified policy or custom at issue. The instant claims fail as a matter of law.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the independent intermediary doctrine, *Heck v. Humphrey, 512 U.S. 477 (1994)* and the *Rooker-Feldman* Doctrine.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's delinquent and/or criminal acts were made public by others, including the improper listing of his name and charges herein. Plaintiff suffered no disclosure violation at the hands of any Defendant herein.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants reserve and incorporate herein by reference any and all affirmative matter revealed by appropriate disclosure under seal to Plaintiff's juvenile records.

### II. ANSWER

**AND NOW,** having plead their affirmative defenses and without waiving same, the Defendants answer those allegations of the Plaintiff's Complaint which require an answer as follows:

1. Denied.
2. Defendants deny the Fourth Amendment was violated. Defendants deny the Fourteenth Amendment applies. The remaining allegations of Paragraph 2 of the Complaint for which a response is required are denied.
3. On information and belief, Defendants admit those allegations of Paragraph 3 of the Complaint for which a response is required.
4. Denied.
5. Denied, including sub-parts.

6. At the time of these incidents, the minor Plaintiff had a lengthy history of delinquent acts and/or criminal offenses which had been investigated, verified and resolved by negotiation between a family member and the injured parties. In this instance, the minor Plaintiff herein confessed to multiple delinquent acts and/or criminal offenses in the presence of his guardian. Plaintiff was subsequently taken into custody pursuant to an order from a court of competent jurisdiction. The remaining allegations of Paragraph 6 of the Complaint for which a response is required are denied.

7. At all relevant times, probable cause existed for the arrest and detention of the minor Plaintiff. The remaining allegations of Paragraph 7 of the Complaint for which a response is required are denied.

8. Plaintiff's Youth Court Record will depict his delinquent acts and all relevant proceedings pertinent thereto. The remaining allegations of Paragraph 8 of the Complaint for which a response is required are denied.

9. Plaintiff's Youth Court Record will depict his delinquent acts and all relevant proceedings pertinent thereto. The remaining allegations of Paragraph 9 of the Complaint for which a response is required are denied.

10. Plaintiff's Youth Court Record will depict his delinquent acts and all relevant proceedings pertinent thereto. The remaining allegations of Paragraph 10 of the Complaint for which a response is required are denied.

11. Plaintiff's Youth Court Record will depict his delinquent acts and all relevant proceedings pertinent thereto. The remaining allegations of Paragraph 11 of the Complaint for which a response is required are denied.

12. Plaintiff's Youth Court Record will depict his delinquent acts and all relevant proceedings pertinent thereto. The remaining allegations of Paragraph 12 of the

Complaint for which a response is required are denied.

13. Plaintiff's Youth Court Record will depict his delinquent acts and all relevant proceedings pertinent thereto. The remaining allegations of Paragraph 13 of the Complaint for which a response is required are denied.

14. Plaintiff's Youth Court Record will depict his delinquent acts and all relevant proceedings pertinent thereto. The remaining allegations of Paragraph 14 of the Complaint for which a response is required are denied.

15. Plaintiff's Youth Court Record will depict his delinquent acts and all relevant proceedings pertinent thereto. The remaining allegations of Paragraph 15 of the Complaint for which a response is required are denied.

16. Plaintiff's Youth Court Record will depict his delinquent acts and all relevant proceedings pertinent thereto. The remaining allegations of Paragraph 16 of the Complaint for which a response is required are denied.

17. Plaintiff's Youth Court Record will depict his delinquent acts and all relevant proceedings pertinent thereto. The remaining allegations of Paragraph 17 of the Complaint for which a response is required are denied.

18. Plaintiff's Youth Court Record will depict his delinquent acts and all relevant proceedings pertinent thereto. The remaining allegations of Paragraph 18 of the Complaint for which a response is required are denied.

19. Plaintiff's Youth Court Record will depict his delinquent acts and all relevant proceedings pertinent thereto. The remaining allegations of Paragraph 19 of the Complaint for which a response is required are denied.

20. Plaintiff's Youth Court Record will depict his delinquent acts and all relevant proceedings pertinent thereto. The remaining allegations of Paragraph 20 of the Complaint for which a response is required are denied.

21. Plaintiff's Youth Court Record will depict his delinquent acts and all relevant proceedings pertinent thereto. The remaining allegations of Paragraph 21 of the Complaint for which a response is required are denied.
22. Denied.
23. Denied.
24. Denied.
25. Denied.
26. Denied.
27. Denied.
28. Denied.
29. Denied.
30. Denied.
31. Denied.
32. Denied.
33. Denied.
34. Denied.
35. Denied.
36. Denied.
37. Denied.
38. Denied.
39. Denied.
40. Denied.
41. Denied.
42. Denied.
43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

**AND NOW, HAVING FULLY ANSWERED** and asserted their Affirmative Defenses, the Defendants pray that this Court grant the following relief:

(A)　That this Court dismiss Plaintiff's Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses, including, but not limited to, applicability of the statutory exemptions from liability as set forth in the Mississippi Tort Claims Act and Qualified Immunity;

(B)　That this Court deny Plaintiff the relief prayed for in Plaintiff's prayer for relief, and that Plaintiff be denied any relief whatsoever; and

(C)　That this Court award this Defendant its attorney fees, costs and expenses associated with the defense of the instant civil action pursuant to Rule 11, Fed. R. Civ. Proc. and prevailing party attorney fees under 42 U.S.C.§1988.

**FILED** this the 25th day of April, 2016.

                                                        JACKS | GRIFFITH | LUCIANO, P.A.

                                      By:    /s/ *Daniel J. Griffith*
                                                     Daniel J. Griffith, MS Bar No. 8366
                                                     Jamie F. Jacks, MS Bar No. 101881
                                                     Attorneys for Defendants

Of Counsel:

Jacks | Griffith | Luciano, P.A.,
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
telephone: (662) 843-6171
facsimile: (662) 843-6176
cell: (662) 721-7323
dgriffith@jlpalaw.com
www.jlpalaw.com

Horan & Horan, PLLC
1500 Gateway
P.O. Box 2166
Grenada, MS 38902
Telephone: (662) 226-2185
Facsimile: (662) 226-2127
**Attorney for Carroll County, Mississippi**
horanandhoran1@bellsouth.net

## CERTIFICATE OF SERVICE

       I, Daniel J. Griffith, attorney of record for Defendants, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer* to be delivered by the ECF Filing System which gave notice to all counsel of record.

       **DATED** this 25th day of April, 2016.

                                                        /s/ **Daniel J. Griffith**
                                                        Daniel J. Griffith