IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BG III, a minor, by and
through his next best friend and special
guardian, Marion E. Grantham, Jr.                                               PLAINTIFF

V.                                         CAUSE NO. 4:16-CV-064-DMB-JMV

ROB BANKS, BRAD CARVER, JERRY CARVER,            DEFENDANTS
LEE TAYLOR, CARROLL COUNTY

## COMPLAINT

       COMES NOW, BG III, by and through his next best friend and special guardian, Marion E. Grantham, Jr., by and through his attorneys of record, Andy T. Arant of the law firm Arant Law Firm, P.A. and Preston Ray Garrett and Jesse M. McRight III of the law firm Garrett, Friday and Garner, PLLC and respectfully files this, his *Complaint* and in support thereof would respectfully show unto this honorable Court as follows:

## NATURE OF ACTION AND JURISDICTION

I.

       BG III, by and through his next best friend and special guardian, Marion E. Grantham, Jr. brings this action against Defendants under 42 U.S.C. §1983 seeking damages and relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving BG III of rights secured under the Constitution and laws of the United States and for refusing or neglecting to prevent such deprivation and denials to BG III.

II.

This case arises under the Fourth (4th) and Fourteenth (14th) Amendments to the United States Constitution and under the Mississippi Tort Claims Act. The relief sought is authorized by the 42 U.S.C. §1983 and the Mississippi Tort Claims Act.

III.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1367 and 28 U.S.C. §1343.

IV.

This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. §1391. All causes of action alleged herein arise from factual allegations occurring in this judicial district; evidence and records relevant to the allegations are maintained in this judicial district; and the Defendants were employed in this judicial district at the time of the factual allegations pled herein.

PARTIES

V.

1. BG III is a minor citizen of Carroll County, Mississippi presently under the guardianship of Jenny Rae Tanner and Marion E. Grantham, Jr. who are both adult resident citizens of Carroll County, Mississippi and may be served with process through the office of his attorneys, Andy T. Arant, at his usual business address of 404 Galeria Drive, Ste. 6, Oxford, Mississippi 38655, and Preston Ray Garrett and Jesse M. McRight III at their usual business address of Garrett, Friday & Garner, PLLC 1205 Office Park Drive Suite B, Oxford, Mississippi 38655.

2. Marion E. Grantham, Jr. is an adult resident citizen of Carroll County, Mississippi who was appointed legal guardian over BG III. The Order appointing Marion E. Grantham, Jr. as

guardian is attached hereto as Exhibit "A". Marion E. Grantham, Jr. may be served with process through the office of his attorneys, Andy T. Arant, at his usual business address of 404 Galeria Drive, Ste. 6, Oxford, Mississippi 38655, and Preston Ray Garrett and Jesse M. McRight III at their usual business address of Garrett, Friday & Garner, PLLC 1205 Office Park Drive Suite B, Oxford, Mississippi 38655.

3. Rob Banks is an adult resident citizen of Carroll County, Mississippi and at all times material to the allegations in this Complaint was acting in his capacity as a Sheriff's Deputy employed by Carroll County, Mississippi, was acting under color of state law, and may be served with process of this Court at the address of 48786 Highway 430 Vaiden, Mississippi 39176.

4. Brad Carver is an adult resident citizen of Carroll County, Mississippi and at all times material to the allegations in this Complaint was acting in his capacity as a Sheriff's Deputy employed by Carroll County, Mississippi, was acting under color of state law, and may be served with process of this Court at the address of 5254 Highway 17N Carrollton, Mississippi 38917.

5. Jerry Carver is an adult resident citizen of Carroll County, Mississippi and at all times material to the allegations in this Complaint was acting in his capacity as the Carroll County Sheriff employed by Carroll County, Mississippi, was acting under color of state law, and may be served with process of this Court at the address of 227 County Road 194 Carrollton, Mississippi 38917.

6. Lee Taylor is an adult resident citizen of Carroll County, Mississippi and at all times material to the allegations in this Complaint was acting in his capacity as the Carroll County Sheriff employed by Carroll County, Mississippi, was acting under color of state law, and may be served with process of this Court at the address of 1137 County Road 231 Greenwood, Mississippi 38930.

7. Carroll County is a political subdivision of the State of Mississippi for which each of the Defendants serve as employees. Carroll County, Mississippi has established or delegated to each of the Defendants the responsibility for upholding and enforcing the laws of the State of Mississippi, as well as, the United States Constitution, serving and protecting the citizens of Carroll County, and establishing and implementing policies, practices, procedures, and customs used by employees of Carroll County, Mississippi. Carroll County may be served with process of this Court at the address of 600 Lexington Street, Carrollton, Mississippi, 38917.

FACTS

VI.

That on or about the 17th day of November, 2013 an incident occurred at J.Z. George High School when an individual did burglarize the field house located on the campus of J.Z. George High School and drive an all-terrain vehicle off of school property. Further, said burglary was captured on video by security cameras installed in and around the field house located on the J.Z. George High School property.

VII.

That said individual did abandon said all-terrain vehicle, did take possession of another motor vehicle, and did continue joy riding.

VIII.

That the Carroll County Sheriff's Department became aware of the incident when the all-terrain vehicle was found the next morning and Clay Herbert contacted the Sheriff's Department reporting his motor vehicle as missing. Further, Clay Herbert has yet to make any claims for any alleged damage caused to his motor vehicle.

IX.

That after speaking with his family, BG III did voluntarily turn himself in to the Carroll County Sheriff's Department on or about the 20th day of November 2013. Upon turning himself in, BG III did fully confess his guilt regarding the November 17th incident at J.Z. George High School involving burglary of the field house, theft of the two (2) vehicles, and joy riding.

X.

That pursuant to these facts, BG III was charged with Burglary: Business Commercial Property pursuant to Miss. Code Ann. §97-17-33(1), Burglary: Non-dwelling pursuant to Miss. Code Ann. §97-17-33(1), Motor Vehicle Theft (ATV) pursuant to Miss. Code Ann. §97-17-42, Motor Vehicle Theft (truck) pursuant to Miss. Code Ann. §97-17-42, and Malicious Mischief pursuant to Miss. Code Ann. §97-17-67.

XI.

That on November 20th, 2013, a second incident occurred at J.Z. George High School involving the burglary of the field house located on the J.Z. George High School property.

XII.

That, on the night of November 20th, 2013 when said second incident occurred, BG III attended church services at the Carrollton Baptist Church after which he went to Dent Turner's home to help move furniture.

XIII.

That on or about the 21st day of November, 2013, Carroll County Sheriff's Deputy Lee Taylor did acquire an arrest warrant for BG III based upon false information he provided to the County Prosecuting Attorney regarding the second incident which occurred at J.Z. George High

School on the evening of November 20, 2013 for which BG III was held in the care, custody, and supervision of the Carroll County Juvenile Justice Department.

XIV.

That based upon the warrant acquired by Carroll County Sheriff's Deputy Lee Taylor, Carroll County Sheriff's Deputies Rob Banks and Brad Carver did, on or about the 21st day of November, 2013, enter Carroll Academy and arrest BG III in connection with the second incident occurring on the night of November 20th, 2013, despite their having personal knowledge that BG III was at the Carrollton Baptist Church when the second incident occurred and despite his having previously turned himself in and confessed his guilt in connection with the incident which occurred on the 17th day of November, 2013.

XV.

That on or about the 21st day of November, Hon. Judge Fenwick did sign an *Order for Transportation and Temporary Detention* for his being charged with burglary pursuant to the incident which occurred on the 20th day of November, 2013.

XVI.

That, in connection with said charges, BG III was formally arrest, turned over to the jurisdiction of the youth court, and spent four (4) days in the custody of a juvenile detention center until he was released into the custody of Marion E. Grantham, Jr.

XVII.

That the November 22, 2013 edition of the Greenwood Commonwealth newspaper did carry a front page, above the fold, article recounting the events from the nights of November 17th, 2013 and November 20th, 2013 suggesting that BG III was being investigated for and

accused of crimes in connection with the second incident which occurred on the November 20th, 2013.

XVIII.

That on or about the 25th day of November, 2013, an *Intake Order* was filed in the Youth Court of Carroll County, 1st District, Mississippi maintaining that BG III was a delinquent child or child in need of supervision, citing for reasons for the referral each of the incidents which occurred on the 17th day of November, 2013.

XIX.

That the *Intake Order* made no allegations relative to the second incident which occurred the evening of November 20th, 2013 despite BG III having been arrested for his alleged involvement in the matter on or about the 21st day of November, 2013 and having turned himself in for the first incident which occurred on the 17th day of November, 2013.

XX.

That BG III was subsequently forced to withdraw from school under threat of expulsion due to his being arrested by Carroll County Sheriff's Deputies Rob Banks and Brad Carver on school premises.

XXI.

That BG III has yet to be charged with any crime connected to the second incident at J.Z. George High School.

COUNT I – VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983
(GENERAL ALLEGATIONS)

XXII.

That in committing the acts complained of herein, Defendants acted under color of state law to deprive BG III of certain constitutionally protected rights under the Fourth and Fourteenth

Amendments to the Constitution of the United States including but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; and c) the right to be free from false arrest.

XXIII.

That in violating BG III's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized, warrantless seizure of BG III in violation of his rights under the Fourth (4th) and Fourteenth (14th) Amendments to the Constitution of the United States.

XXIV.

That as a direct and proximate result of the violation of his constitutional rights by Defendants, BG III suffered general and special damages as alleged in this *Complaint* and is entitled to relief under 42 U.S.C. §1983.

XXV.

That the conduct of Defendants was willful, malicious, oppressive, and / or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

COUNT II – FALSE ARREST AND FALSE IMPRISONMENT

XXVI.

BG III re-alleges and incorporates herein by reference the allegations set forth in paragraphs I-XIX of this *Complaint*.

XXVII.

That Carroll County Sheriff's Deputies Rob Banks, Brad Carver, and Lee Taylor, without probable cause or a valid arrest warrant, acted under color of state law by falsely arresting and

detaining BG III with no basis in fact or law to do so given that said false arrest and imprisonment was either for an incident outside of the scope of the *Intake Order* or for an incident for which BG III had already turned himself in and confessed his guilt.

XXVIII.

That at no time during his arrest or his voluntary confession of guilt did BG III resist or attempt to resist the Defendant officers, but fully cooperated with the orders of the Defendants.

XXIX.

That in committing the acts complained of herein, Defendants Rob Banks, and Brad Carver, and Lee Taylor while acting under color of state law, falsely arrested and detained BG III with no basis in fact or law to do so thereby violating BG III rights under the Fourth (4th) and Fourteenth (14th) Amendments to the Constitution of the United States.

XXX.

That as a direct and proximate result of the actions of the Defendants which resulted in the Defendants violating his constitutional rights to be free from false arrest by the Defendants, BG III suffered general and special damages as alleged in this *Complaint* and are entitled to relief under the Mississippi Tort Claims Act.

COUNT III - CONSPIRACY

XXXI.

BG III re-alleges and incorporates herein by reference the allegations set forth in paragraphs I-XIX of this *Complaint*.

XXXII.

That Defendants participated in a common design through a concert of action to purposefully and intentionally imprison BG III as evidenced by the comments of Jerry Carver to

Skipper Grantham in Leflore County, Mississippi, "You and your damn grandson, I'm going to get you" which came to fruition when Brad Carver and Rob Banks arrested BG III despite their having personal knowledge of BG III being at the Carrollton Baptist Church the night of the November 20, 2013 incident.

XXXIII.

That as a direct and proximate result of the actions of the Defendants BG III suffered general and special damages as alleged in this Complaint and are entitled to relief under the Mississippi Tort Claims Act.

COUNT IV - NEGLIGENT SUPERVISION

XXXIV.

BG III re-alleges and incorporates herein by reference the allegations set forth in paragraphs I-XIX in this *Complaint*.

XXXV.

Each Defendant owed BG III a duty to use due care at or about the time of the aforementioned incidents.

XXXVI.

Defendant, Jerry Carver, negligently supervised Defendants Rob Banks, Brad Carver, and Lee Taylor by failing to provide proper training and outline the legal and proper standards and conditions under which arrests are permitted, the dangers of obtaining an arrest warrant based upon false information, upon what authority valid arrests may be made, and how to protect the constitutional rights of the citizens under their care.

XXXVII.

In committing the aforementioned acts or omissions, Jerry Carver negligently breached said duty to use due care, which directly and proximately resulted general and special damages as alleged in this Complaint and are entitled to relief under the Mississippi Tort Claims Act.

### COUNT V - FAILURE TO IMPLEMENT APPROPRIATE POLICIES, CUSTOMS AND PRACTICES

XXXVIII.

BG III re-alleges and incorporates herein by reference the allegations set forth in paragraphs I-XIX of this *Complaint*.

XXXIX.

Defendant, Jerry Carver, in his capacity as Sheriff of Carroll County, Mississippi implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, the allowing of employees of the Carroll County Sheriff's Department, to wit Brad Carver, Rob Banks, and Lee Taylor, to violate the laws of the State of Mississippi, arresting an individual twice for the same incident, obtaining a warrant based upon false information, and / or arresting an individual upon grounds which extend beyond the authority granted them by mittimus from a court.

XL.

The failure of Defendant, Jerry Carver, to adequately train and supervise Defendants Rob Banks, Brad Carver, and Lee Taylor amounts to deliberate indifference to the rights of BG III to be free from unreasonable seizure under the Fourth (4th) and Fourteenth (14th) Amendments to the Constitution of the United States and a violation of the right to due process under the Fourteenth (14th) Amendment to the Constitution of the United States.

XLI.

In committing the aforementioned acts or omissions, Jerry Carver's failures directly and proximately resulted in the general and special damages as alleged in this Complaint to which BG III is entitled to under the Mississippi Tort Claims Act and.

COUNT VI: VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983 (FAILURE TOIMPLIMENT APPROPRIATE POLICIES, CUSTOMS AND PRACTICES

XLII.

BG III re-alleges and incorporates herein by reference the allegations set forth in paragraphs I-XIX of this *Complaint*.

XLIII.

That Defendant, Jerry Carver, in his capacity as Sheriff of Carroll County, Mississippi implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, the allowing of employees of the Carroll County Sheriff's Department to violate the laws of the State of Mississippi, arresting an individual twice for the same incident, and / or arresting an individual upon grounds which extend beyond the authority granted them by mittimus from a court.

XLIV.

That the failure of Defendant, Jerry Carver to adequately train and supervise Defendants Rob Banks and Brad Carver amounts to deliberate indifference to the rights of BG III to be free from unreasonable seizure under the Fourth (4th) and Fourteenth (14th) Amendments to the Constitution of the United States and a violation of the right to due process under the Fourteenth (14th) Amendment to the Constitution of the United States.

XLV.

That as a direct and proximate result of this deliberate indifference to BG III' rights, Defendants acted under color of state law and deprived BG III of his constitutionally protected rights as alleged herein including, but not limited to: a) the right to be free from unreasonable searches and seizures; and b) the right not to be deprived of liberty without due process of law.

XLVI.

That as a direct and proximate result of the violation of his constitutional rights to be free from false arrest by the Defendants, BG III suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

COUNT VII – VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983
(4TH AMENDMENT AND 14TH AMENDMENT)

XLVII.

BG III re-alleges and incorporates herein by reference the allegations set forth in paragraphs I-XIX of this *Complaint*.

XLVIII.

That the Fourth (4th) Amendment to the United States Constitution, as applied to the individual states through the Fourteenth (14th) Amendment, grants United States citizens the right to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures and provides that no warrant shall be issued, but upon probable cause supported by oath or affirmation describing the place to be searched and the person or thing to be seized.

XLIX.

That the Defendants, while acting under color of state law, violated the Fourth (4th) Amendment rights of BG III by arresting BG III without probable cause while also having personal knowledge of his whereabouts on the night of November 20th, 2013.

L.

That in committing the aforementioned acts or omissions, each Defendant directly and proximately violated BG III's Fourth (4th) Amendment right of protection from unreasonable searches and seizures while acting under color of state law which directly and proximately resulted in the damages suffered by BG III as alleged herein.

LI.

That as a direct and proximate result of the violation of his constitutional rights to be free from unreasonable searches and seizures by the Defendants, BG III suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

COUNT VIII – VIOLATION OF CIVIL RIHTS PURSUANT TO TITLE 42 U.S.C. §1983
(4TH AND 14TH AMENDMENT)

LII.

BG III re-alleges and incorporates herein by reference the allegations set forth in paragraphs I-XIX of this *Complaint*.

LIII.

That Defendants did either with the specific intent to violate BG III's civil rights or with a reckless disregard of the probability of causing that violation, in falsely arresting BG III without a warrant or probable cause, did violate BG III's Fourth (4th) and Fourteenth (14th) Amendment right to be free from the deprivation liberty without due process of law.

LIV.

That Defendants, either with the specific intent to violate BG III's civil rights or with a reckless disregard of the probability of causing that violation, did falsely arrest and detain BG III for an incident which they were personally aware he did not commit.

That as a direct and proximate result of the violation of his constitutional rights to be free from unreasonable searches and seizures by the Defendants, BG III suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

WHEREFORE PREMISES CONSIDERED, BG III respectfully prays this honorable Court grant her the following relief:

1. That process issue to the Defendants and that they be required to answer in the time allowed by law.

2. That judgment be rendered in favor of BG III against the Defendants on all causes of action asserted herein.

3. That he be awarded those damages to which it may appear he is entitled by the proof submitted in this cause for the violation of his rights as guaranteed him by the United State Constitution.

4. That he be awarded punitive damages against the Defendants in the amount of three million dollars ($3,000,000.00).

5. That he be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988(b) and (c).

6. That he receive any other further and general relief to which it may appear he is entitled.

7. A jury for the trial of this matter.

RESPECTFULLY SUBMITTED this, the 31st day of May, 2016.

                                                MARION E. GRANTHAM, JR.

                              BY:    /s/ Jesse M. McRight III          
                                                             COUNSEL

Prepared and Submitted by:
Andy T. Arant, Jr.
Arant Law Firm, PA
404 Galleria Lane, Suite 6

Oxford, MS 38655
Telephone: 662-234-9910
Email:arantlaw@bellsouth.net
Mississippi State Bar No.: 99977

AND

Preston Ray Garrett
Jesse M. McRight III
Garrett, Friday & Garner, PLLC
1205 Office Park Drive, Suite B
Oxford, MS 38655
Telephone: 662-281-0438
Facsimile: 662-281-0439
Email: ray@garrettfridayandgarner.com
Email: jesse.mcright@gmail
Mississippi State Bar No.: 10186
Mississippi State Bar No.: 104518

CERTIFICATE OF SERVICE

I, Jesse M. McRight III, attorney of record for Plaintiff, do hereby certify that I have this day caused a true and correct copy of the above and foregoing Answer to be delivered by the ECF Filing System which gave notice to all counsel of record.

DATED this 31st day of May, 2016.

/s/ Jesse M. McRight III
Jesse M. McRight III

Jamie Ferguson Jacks
Daniel J. Griffith
Jacks | Griffith | Luciano, P.A.
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
dgriffith@jlpalaw.com
www.jlpalaw.com

M. Kevin Horan
Bradley David Daigeneault
Horan & Horan, PLLC
1500 Gateway
P.O. Box 2166
Grenada, MS 38902
horanandhoran1@bellsouth.net

Jacob Bystrom Jordan
Tannehill, Carmean & McKenzie, PLLC
829 N. Lamar Blvd. Ste. 1
Oxford, MS 38655

James H. Powell, III
1500 Gateway St.
Grenada, MS 38901
jampw@aol.com