IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BG, III, a minor, by and through**                                            **PLAINTIFF**
**his next friend and special guardian,**
**Marion E. Grantham, Jr.**

**V.**                                                                                **NO. 4:16-CV-64-DMB-JMV**

**ROB BANKS, BRAD CARVER,**
**JERRY CARVER, LEE TAYLOR, and**
**CARROLL COUNTY**                                                  **DEFENDANTS**

**ORDER DENYING MOTION TO SEAL**

On December 21, 2016, the defendants filed a "Motion Seeking Authorization to File Summary Judgment Exhibits Under Seal for Limited Review by Court and Counsel." Doc. #48. The defendants seek to seal seven exhibits, Exhibits A-G, identified in their motion as six affidavits and a document entitled "YOUTH COURT FILE." *Id.*

**I**
**Applicable Law**

Rule 79 of the Uniform Local Rules provides that no document may be filed under seal without a court order. L.U. Civ. R. 79(b). In this regard, Rule 79 instructs that "[n]o document may be sealed merely by stipulation of the parties. A confidentiality order or protective order entered by the court to govern discovery will not qualify as an order to seal documents for purposes of this rule." *Id.* at 79(d).

In addition to these substantive requirements, Rule 79 sets forth the following procedural requirements for motions to file under seal:

> Any motion to seal must be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order. A party may also submit a confidential memorandum for in camera review. The non-confidential memorandum and the proposed order must include:
> (A) A non-confidential description of what is to be sealed;

        (B) A specific request that the document or case:
            (1) Be sealed from any access by the public and the litigants' counsel;
            (2) Be sealed from public access only, with CM/ECF access permitted to the litigants' counsel; or
            (3) Be sealed only from public access in CM/ECF, but available for public viewing at one or more terminals located within the Clerk's office.
        (C) A statement of why sealing is necessary, why the specific character of sealing set forth in subparts (1)-(3) above is most appropriate, and why another procedure will not suffice;
        (D) References to governing case law; and
        (E) Unless permanent sealing is sought, a statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.
        (F) The proposed order must recite the findings required by governing case law to support the proposed sealing. Any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion.

*Id.* at 79(e)(3).

There is a "presumption in favor of the public's access to judicial records," and the decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must "balance the public's common-law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848–49 (5th Cir. 1993). *Accord*, *Test Masters Educ. Servs. v. Robin Singh Educ. Servs.*, 799 F.3d 437, 454 (5th Cir. 2015); *Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortgage Ass'n*, 624 F.3d 185, 201 & n.70 (5th Cir. 2010). Where, as here, the documents sought to be sealed are exhibits to a dispositive motion, the weight afforded to the public's common-law right of access is necessarily greater. *See United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 & n.11 (11th Cir. 2001) (collecting circuit cases) ("The better rule is that material filed with discovery motions is not subject to the common-law right

of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right ….").

# II
# Analysis

In seeking to seal the specified exhibits, the defendants, in their non-confidential supporting memorandum, only cite as authority a paragraph from the agreed protective order issued by United States Magistrate Judge Jane M. Virden on July 1, 2016, regarding discovery in this case.[1] Doc. #49 at 1–2. That paragraph of the protective order states:

> The parties shall file a motion to seal before this Court prior to filing any part of Plaintiff's Youth Court file they obtain, pursuant to L.U.Civ.R. 79. The parties may only file a portion of Plaintiff's Youth Court file after this Court has granted and entered an Order permitting the parties to file certain portions of the Carroll County Youth Court file under seal. By filing said documents found in the Plaintiff's Carroll County Youth Court file, neither of the parties concede the relevance or admissibility of these portions of the file. The parties may not otherwise file any portion of Plaintiff's Carroll County Youth Court file in this action.

Doc. #36 at ¶ 5. The protective order notes, among other things, that the plaintiff's Youth Court file is sealed in the Youth Court of Carroll County, Mississippi. *Id.* at 1.

As an initial matter, Rule 79 explicitly states that a protective order governing discovery will not justify sealing under the rule. L.U. Civ. R. 79(d).

Furthermore, while Rule 79 provides that "[a] statute mandating or permitting the nondisclosure of a class of documents provides sufficient authority to support an order sealing documents," the defendants cite no such statute. For instance, regarding the Youth Court file under seal in the Carroll County Youth Court, the defendants make no attempt to identify the statute permitting such sealing in state court. Regarding the affidavits, the defendants do not attempt to describe what information they include or why they should be sealed. Though the interests favoring

---

[1] The memorandum is virtually identical to the defendants' motion except for its addition of the paragraph from the protective order.

the nondisclosure of a juvenile's criminal history are likely strong, such does not excuse the defendants' failure to comply with Rule 79's requirements but rather underscores why complying with those requirements is important.

Finally, the defendants failed to submit a proposed order reciting findings required by governing case law and failed to state in their memorandum (or motion) how long the exhibits at issue should be under seal and why an alternative to sealing will not suffice.

For all of these reasons, the motion to seal is insufficient to justify the relief sought.[2]

### III
### Conclusion

Accordingly, the defendants' motion to seal [48] is **DENIED without prejudice** to the refiling of a motion to seal, no later than January 6, 2016, which fully complies with Rule 79.[3]

**SO ORDERED**, this 29th day of December, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] Because the motion and supporting memorandum fail to comply with this Court's local rules, the Court need not reach the balancing of interests favoring nondisclosure.

[3] The defendants thus may not file the exhibits under seal and, as stated in Judge Virden's protective order, no party may file the Youth Court file without obtaining a sealing order.