**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

| | |
|---|---|
| BG, III, a minor, by and through his next friend and special guardian, Marion E. Grantham, Jr. | PLAINTIFF |
| V. | NO. 4:16-CV-64-DMB-JMV |
| ROB BANKS, BRAD CARVER, JERRY CARVER, LEE TAYLOR, and CARROLL COUNTY | DEFENDANTS |

## ORDER GRANTING MOTION TO SEAL

On January 6, 2017, the defendants filed a motion, along with a supporting memorandum, seeking leave to file summary judgment exhibits under seal for review only by the Court and counsel.[1] Doc. #57; Doc. #58. For the reasons explained below, the motion will be granted.

**I**
**Applicable Law**

Rule 79 of the Uniform Local Rules provides that no document may be filed under seal without a court order. L.U. Civ. R. 79(b). In this regard, Rule 79 instructs that "[n]o document may be sealed merely by stipulation of the parties." *Id.* at 79(d). Though "[a] confidentiality order or protective order entered by the court to govern discovery will not qualify as an order to seal documents for purposes of this rule," "[a] statute mandating or permitting the non-disclosure of a class of documents provides sufficient authority to support an order sealing documents." *Id.* at 79(d), (b).

There is a "presumption in favor of the public's access to judicial records," and the decision

---

[1] The defendants filed an initial motion for leave to file summary judgment exhibits under seal on December 21, 2016. On December 29, 2016, the Court denied the motion without prejudice for noncompliance with local rule requirements but granted the defendants until January 6, 2017, to file a new motion to seal. This new motion is titled, "Addendum to Motion to File Summary Judgment Exhibits Under Seal for Limited Review by Court and Counsel."

whether to order judicial records sealed is committed to the sound discretion of the district court, which must "balance the public's common-law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848–49 (5th Cir. 1993); *accord, Test Masters Educ. Servs. v. Robin Singh Educ. Servs.*, 799 F.3d 437, 454 (5th Cir. 2015); *Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortgage Ass'n*, 624 F.3d 185, 201 & n.70 (5th Cir. 2010). Where, as here, the documents sought to be sealed are exhibits to a dispositive motion, the weight afforded to the public's common law right of access is necessarily greater. *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 & n.11 (11th Cir. 2001) (collecting circuit cases) ("The better rule is that material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right ….").

## II
## Analysis

The defendants seek to seal seven exhibits, described as six affidavits and a "Youth Court File." Doc. #58 at 2. As described, the affidavits "all reference the contents of the Youth Court file" and "directly relate to [BG III's] youth court record, and the actions the individuals took regarding the criminal allegations."[2] *Id*. The motion seeks permanent and whole sealing—that is, the sealing of the entirety of each exhibit for an indeterminate time instead of partial redaction.

---

[2] Items sought to be sealed may be filed under temporary seal for the Court's review in deciding the sealing motion. L.U. Civ. R. 79(e)(2). Such did not happen in this case. However, the motion provides some description of the exhibits. The Youth Court file concerns BG III, and the affiants are identified as "Officer Jerry Carver, Officer Brad Carver, Officer Rob Banks, Officer Lee Taylor, County Prosecutor Lori Bell, and Youth Court Judge Edward Fenwick." Doc. #58 at 2.

2

### A. Relevant Authority

As grounds for the requested sealing, the defendants cite "Rule 5 of the Uniform Rules of Youth Court in Mississippi," which, according to the motion, states that "[r]ecords involving children … shall not be disclosed except as authorized." *Id.* at 4. Though not cited by the defendants, a Mississippi statute provides substantially the same protection. But for exceptions not relevant here, Miss. Code Ann. § 43-21-251(2) states that "[t]he records of the youth court and the contents thereof shall be kept confidential and shall not be disclosed." Because BG III's youth court records are sought to be sealed and because the affidavits reference its contents, sufficient authority to seal the documents under Local Rule 79 is provided by both Mississippi rule and statute.

### B. Balancing

Next, the Court must "balance the public's common-law right of access against the interests favoring nondisclosure." In this regard, the defendants make two arguments: (1) that an order denying whole and permanent sealing of the exhibits at issue would be inconsistent with Magistrate Judge Jane M. Virden's protective order governing discovery; and (2) that "due to the Plaintiff's status as a minor, he is owed additional protections (unlike adults) from having the public review" the summary judgment exhibits.

#### 1. Interests favoring nondisclosure

Judge Virden's July 1, 2016, protective order states:

> The parties shall file a motion to seal before this Court prior to filing any part of Plaintiff's Youth Court file they obtain, pursuant to L.U.Civ.R. 79. The parties may only file a portion of Plaintiff's Youth Court file after this Court has granted and entered an Order permitting the parties to file certain portions of the Carroll County Youth Court file under seal…. The parties may not otherwise file any portion of Plaintiff's Carroll County Youth Court file in this action.

Doc. #36 at ¶ 5. Although the defendants credibly contend that "[d]iscovery takes place so that the parties may gather evidence to pursue their party's interests at trial," Doc. #58 at 4, discovery also

allows the parties the opportunity to evaluate *whether* to go to trial. It is therefore consistent with the purpose of discovery to exchange material under a protective order which may later be excluded from trial or the Court's docket. Though denying the motion to seal but permitting leave to file documents with redaction would implicitly modify the July 1, 2016, protective order, such alone does not require that the defendants' sealing motion be granted.

Regarding BG III's status as a minor, the defendants argue:

> Undeniably, especially in this digital age, if made public, these records could easily be found and "follow" the youth into adulthood. If released, these alleged juvenile violations could taint the youth in adulthood and unnecessarily prevent BGIII, (as a reformed adult) from obtaining employment and other opportunities due to the fact that the youth has been "branded" as a criminal. It would be unfair ….

*Id.* at 6. The Court agrees. Public disclosure of the summary judgment exhibits could possibly have a negative effect on BG III as an adult, particularly his employment opportunities—a significant interest. This concern is heightened due to the easier access to and transmission of information in today's digital age.[3] As such, it would be unfair to BG III to disclose to the public the summary judgment exhibits.

### 2. Public's common law right of access

Next, the Court must consider the public's interest in the disclosure of the information sought to be sealed. The public's interest as a matter of law includes "promot[ing] trustworthiness of the judicial process." *Van Waeyenberghe*, 990 F.2d at 849 (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)). Though "the public's interest in access to court records 'is particularly legitimate and important where, as in this case, at least one of the parties to the action is a public entity or official,'" *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 517 (E.D. La. 2005) (citation omitted); the public's right "is not absolute," *Van Waeyenberghe*, 990 F.2d at 848. In this regard, the

---

[3] Relevant to this concern, the Uniform Local Rules were recently amended to permit a motion requesting to seal exhibits "only from public access in CM/ECF, but [not from] public viewing at one or more terminals located within the Clerk's office." L.U. Civ. R. 79(e)(3)(B)(3).

defendants argue that "[g]iven the fact that most delinquent juveniles can be reformed, the best interests of BGIII trump the public's interest in viewing the confidential records." Doc. #58 at 7.

### 3. Findings

Here, the interests favoring nondisclosure outweigh the public's common law right to access judicial records. *See Jaufre ex rel. Jaufre*, 351 F. Supp. at 516 ("Courts have recognized that the privacy of children may constitute a compelling interest that outweighs the presumption in favor of public access."). While the "best interests" of a minor child may not always outweigh the public's right, this case does not appear to pose any particular risk of calling into question the trustworthiness of the judicial process, and the weight assigned to BG III's interest in fairness is necessarily greater for the reasons discussed above.

The only remaining question then is whether whole and permanent sealing of the exhibits is justified. The motion to seal does not address this question specifically. Accordingly, the Court, upon review of the sealed exhibits once filed, may order an alternative to sealing, such as partial redaction. However, whole and permanent sealing may be justified for two reasons. First, as explained above, BG III's interest in fairness may extend throughout his life. Second, the conduct giving rise to the Youth Court matters was the subject of some local media attention that named a suspect by his age and the school he attended. Doc. #59-3. Consequently, it is reasonably possible that BG III's identity may be discerned from partially redacted versions of the exhibits, which would be unfair to BG III.

## III
## Conclusion

For the reasons above, the defendants' motion to seal [57] is **GRANTED**. The defendants may file the referenced affidavits and the Youth Court File under seal as summary judgment

exhibits[4] for access only by the Court and counsel of record.[5]

**SO ORDERED**, this 23rd day of January, 2017.

                                                  **/s/ Debra M. Brown**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[4] Because the summary judgment motion has been fully briefed, the defendants' filing of summary judgment exhibits pursuant to this order does not authorize any additional filings relevant to the summary judgment motion beyond that allowed by this order.

[5] The defendants should file *only* those portions of the youth court records that are directly pertinent to the summary judgment issues. If they fail to do so, the Court, after reviewing the sealed exhibits once filed, may order additional actions by the defendants as an alternative to sealing the entirety of the exhibits, including partial redaction or the re-filing of the youth court file with only those portions cited in the summary judgment briefs.